## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

HACKER INDUSTRIES LLC,

**Plaintiff,**

v.

**Case No. 24-CV-00356-SEH-MTS**

DEPARTMENT OF THE
TREASURY, INTERNAL
REVENUE SERVICE,

**Defendant.**

## OPINION AND ORDER

Before the Court is Plaintiff Hacker Industries LLC's ("Hacker

Industries") Motion and Memorandum in Support of Hacker Industries LLC

for a Temporary Restraining Order and a Preliminary Injunction Pursuant to

26 U.S.C.A. § 7426(B). [ECF No. 8]. For the reasons explained below, the

Court DENIES Plaintiff's motion.

As a preliminary matter, Plaintiff seeks both a temporary restraining

order and preliminary injunction. However, Plaintiff's counsel provided a

certificate of service to Defendant, the Internal Revenue Service, in the

motion. [ECF No. 8 at 19]. Further, Defendant responded to Plaintiff's

motion, Defendant's counsel appeared in person for the evidentiary hearing,

and Defendant presented a witness during the evidentiary hearing.

Therefore, the Court will treat Plaintiff's motion as one for only a preliminary

injunction. *See Sonic Industries LLC v. Olympia Cascade Drive Ins LLC*, No.
CIV-22-449-PRW, 2022 WL 3654748, at *1 (W.D. Okla. Aug. 24, 2022) (citing
*TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla.
1987); 11A Charles A. Wright & Arthur R. Miller, *Federal Practice &
Procedure* § 2951 (3d. ed. 2022)).

## I.   Procedural Background

Plaintiff asserts a single claim for wrongful levy under 26 U.S.C. § 7426
against Defendant.[1] Plaintiff claims that it runs a daycare business that
Defendant incorrectly identified as an alter ego of a former daycare business
run by one of its member's parents. Plaintiff alleges that Defendant
wrongfully levied funding it was supposed to receive from the Oklahoma
Department of Human Services ("ODHS") as a part of Defendant's efforts to
collect tax debts owed by the former daycare business.

The day after Plaintiff filed the complaint, it filed a motion for preliminary
injunction. [ECF No. 8]. Plaintiff first asks the Court to issue a preliminary
injunction "enjoining Defendant from seizing any assets owned or otherwise

---

[1] The Court acknowledges that Plaintiff makes a passing reference toward the end
of its complaint that Defendant's actions "were an unlawful attempt to circumvent
the requirements of law, an unconstitutional taking without due process." [ECF No.
2 at 14, ¶ 61]. Because Plaintiff only makes passing reference to a violation of the
Takings Clause of the Fifth Amendment without developing a substantive claim in
the other 62 paragraphs of the complaint, the Court reads the complaint as only
asserting one claim under 26 U.S.C. § 7426.

due and payable to Plaintiff, and refunding to Plaintiff all monies it has previously levied on and seized which were otherwise payable to Plaintiff by third parties." [*Id.* at 2]. At the end of the motion, Plaintiff includes several additional and more specific requests for relief. Plaintiff asks the Court to prohibit Defendant from levying, seizing, transferring, removing, assigning, disposing, converting, or selling any of Plaintiff's property pursuant to 26 U.S.C. § 7426. [*Id.* at 18]. Plaintiff also requests a "refund … of all monies previously seized/levied on by Defendant," as well as an expedited hearing. [*Id.* at 18–19]. Finally, Plaintiff requests "such further relief to which [it] may be entitled to in equity or at law." [*Id.* at 19].

The Court held an evidentiary hearing on August 9, 2024. During the hearing, Plaintiff and Defendant were both represented by counsel, and each party called and examined witnesses. Plaintiff also admitted several exhibits without objection. Plaintiff's counsel confirmed that the exhibits admitted during the evidentiary hearing were the same exhibits attached to Plaintiff's motion and the complaint. Counsel for both parties also presented argument on the motion, and the Court took the matter under advisement.

## II.   Findings of Fact

Based on the submissions of the parties in the record and the testimony of the witnesses and exhibits admitted into evidence during the evidentiary hearing, the Court makes the following findings of fact:

1.  Barry and Celeste Hacker owned and operated a daycare company called Blossom Day Care Centers Inc. ("Blossom").

2.  Steven Hacker is Barry and Celeste Hacker's son.

3.  Steven Hacker began working at Blossom when he was a child.

4.  Steven Hacker is married to Amber Hacker.

5.  Steven and Amber Hacker met when Amber began working at Blossom.

6.  Steven and Amber Hacker received personal benefits from Blossom such as Blossom paying for their wedding and a vehicle for Steven.

7.  Steven and Amber Hacker are members of Plaintiff Hacker Industries, LLC ("Hacker Industries").

8.  Hacker Industries is an Oklahoma Limited Liability Company.

9.  Hacker Industries is also in the daycare business.

10. Certain assets were transferred from Blossom to Hacker Industries, including a client list and physical assets such as baby dolls and other daycare-related items.

11. The asset transfer from Blossom to Hacker Industries was financed by Hacker Industries assuming one of Blossom's debt obligations.

12. One of Hacker Industries' locations for daycare services is the same location used by Blossom.

13. Defendant sent Hacker Industries a "Notice to Alter Ego of Federal Tax Lien Filing" dated April 16, 2024 (the "Alter Ego Notice").

14. In the Alter Ego Notice, Defendant notified Hacker Industries that it identified Hacker Industries as an alter ego of Blossom.

15. Defendant attached a Form 668(Y)(c) Notice of Federal Tax Lien to the Alter Ego Notice.

16. The Form 668(Y)(c) identified taxes that Defendant alleged Hacker Industries owed as Blossom's alter ego.

17. Related to Defendant's determination that Hacker Industries was an alter ego of Blossom, Defendant levied certain funds that the ODHS otherwise would have paid to Hacker Industries.

## III.   Conclusions of Law and Discussion

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 26 U.S.C. § 7426(b).

### B. Preliminary Injunction Framework

A party seeking a preliminary injunction must show: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Leacho, Inc. v. Consumer Product Safety Commission*, 103 F.4th 748, 752 (10th Cir. 2024) (internal quotation marks and citation omitted). Preliminary injunctions are "an extraordinary remedy, [so] the right to relief must be clear and unequivocal." *Id.* (internal quotation marks and citation omitted).

The irreparable harm element "is the single most important prerequisite for the issuance of a preliminary injunction, [and therefore] the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Offolter v. Horseracing Integrity and Safety Authority*, No. CIV-24-749-D, 2024 WL 3732056, at *2 (W.D. Okla. Aug. 8, 2024) (alterations in original) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). The burden of showing irreparable harm is not "an easy burden to fulfill." *Dominion Video Satellite, Inc.*, 356 F.3d at 1262 (internal quotation marks and citations omitted). The alleged injury must be more than "serious or substantial," and it "must be certain, great, actual and

not theoretical." *Schrier v. University of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (internal quotation marks and citations omitted).

Economic loss—including the loss of business—is not ordinarily enough to show irreparable harm absent some other circumstance such as "difficulty in calculating damages" or the "loss of goodwill or competitive market position." *Keybank National Association v. Williams*, No. 20-1384, 2022 WL 402379, at *3 (10th Cir. 2022) (unpublished) (internal quotation marks and citations omitted). This is because money damages will ordinarily compensate economic loss.

### C. Injunctions in Tax Cases

Through the Anti-Injunction Act, the Internal Revenue Code generally prohibits any "suit for the purpose of restraining the assessment or collection of any tax," except for those brought under a handful of specifically identified statutory exceptions. 26 U.S.C. § 7421(a). Plaintiff brings its claim under one of those exceptions, 26 U.S.C. § 7426(a). Section 7426(a) permits "an injunction to prohibit the enforcement of" a levy or sale only if that levy or sale "would *irreparably injure* rights in property which the court determines to be superior to rights of the United States in such property." (emphasis added). Therefore, Section 7426 requires Plaintiff to show irreparable injury.

Aside from Section 7426, courts have created a two-tiered exception to the Anti-Injunction Act. That exception allows courts to issue an injunction

when: "1) under no circumstances could the government establish its claim to the asserted tax; and 2) *irreparable injury would otherwise occur." Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir. 1983) (emphasis added) (citing *Bob Jones University v. Simon*, 416 U.S. 725, 737 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6–8 (1962)). Either way, Plaintiff must show irreparable harm or injury.

Aside from the required irreparable harm showing, Section 7426 "'clearly requires irreparable injury to rights *in the property*,' that is, there must be irreparable injury to [a plaintiff's] rights to money held in the accounts levied for a[n injunction] to issue." *Nielsen v. United States*, No. 7:21-cv-00328, 2021 WL 3929268, at *2 (S.D. Tex. Sept. 1, 2021) (footnotes omitted and emphasis in original); *see also American Marine, LLC v. U.S.*, No. 15cv0751-CAB (RBB), 118 A.F.T.R.2d 2016-6620 (S.D. Cal. Oct. 14, 2016) (similar). In other words, courts do not look to whether the *plaintiff* will necessarily suffer irreparable injuries. Rather, the question is whether *the property that was levied or is to be sold* will be irreparably injured.

Further, "claims for temporary deprivations of money, and for consequential damages occasioned by the IRS's levy on a plaintiff's monies, have been held by courts nationwide to be considerations outside the scope of 26 U.S.C. § 7426(b)(1) and the [p]laintiffs' specific rights to the monies

levied." *Nielsen*, 2021 WL 3929268, at *2. (footnotes omitted) (collecting cases).

### D. There is no Irreparable Harm

Recall that Section 7426 allows for an injunction only in the case of a levy or the sale of property. 26 U.S.C. § 7426(a)-(b). There is no sale of property at issue in this case, but Defendant levied ODHS funds that would have otherwise gone to Plaintiff. Because Plaintiff does not allege that the ODHS funds levied by Defendant will somehow be irreparably harmed if the Court does not enter an injunction, the Court's analysis could stop here. Nevertheless, the Court will address the harms that Plaintiff identifies.

In the motion, Plaintiff sets forth an "Irreparable Injury Factor" section. [ECF No. 8 at 15–16]. It is not clear exactly what irreparable harm Plaintiff alleges will occur if a preliminary injunction is not issued because there are discrepancies between the complaint and motion on this front. Reading Plaintiff's complaint and motion broadly, however, the Court identifies the following alleged harms:

1.  Loss and displacement of students. [ECF No. 2 at 8].

2.  Personal financial contributions from Steven and Amber Hacker to keep the business running. [ECF No. 2 at 8].

3.  Loss of wages for Steven and Amber Hacker. [ECF No. 2 at 8].

4.  Closure of Plaintiff's Owasso location. [ECF No. 2 at 8].

5. Stress and exhaustion. [ECF No. 2 at 9].

6. General financial difficulties on Hacker Industries and its ability to pay its employees. [ECF Nos. 2 at 9 & 8 at 15].

7. A violation of the Takings Clause of the Fifth Amendment. [ECF No. 2 at 14].

8. Harm to Plaintiff's credit. [ECF No. 8 at 15].

During the evidentiary hearing, the Court heard testimony from Steven and Amber Hacker regarding alleged irreparable harms. Neither of them identified any harms that were materially different from those already identified in Plaintiff's motion. For example, the witnesses generally discussed the financial hardships Hacker Industries would continue to suffer if the ODHS funds are not returned.

The fatal flaw for Plaintiff is that it does not identify any harm to the property that was levied by the IRS—the ODHS funds—which it must do for relief under Section 7426. *See Nielsen*, 2021 WL 3929268, at *2. For this reason alone, the Court finds that a preliminary injunction is not proper.

Notwithstanding this finding, the Court will address each category of harm that Plaintiff identifies. First, all the alleged economic injuries (business loss, lost wages, lost students, etc.) do not ordinarily qualify as irreparable harms for the reasons explained above. Plaintiff does not explain why any of these economic injuries could not be adequately remedied by

money damages due to a difficulty in calculating damages or some other issue. Second, Plaintiff identifies injuries allegedly suffered by third parties such as Plaintiff's students, employees, and others. Because those individuals are not parties in this proceeding, their injuries are not relevant. Third, Plaintiff does not explain why an injury to its credit is irreparable. The Court is unable make such a conclusion without further information. Finally, the Court recognizes that many constitutional violations inherently cause irreparable harm. Fifth Amendment takings, however, are by their very nature compensable. Therefore, an injury caused by a violation of the Takings Clause in a situation like this, where the same statute that Plaintiff brings its cause of action under provides for money damages and the property at issue is a sum certain of money that Plaintiff does not allege will be irreparably harmed, the alleged injury is not irreparable. *See Stanley v. Gallegos*, No. 11-1108 GBW/JHR, 2018 WL 3801247, at *9 (D.N.M. Aug. 9, 2018) ("[N]ot every violation of the Takings Clause of the Fifth Amendment subjects an individual to irreparable harm … Such an interpretation would directly conflict with the remedy of 'just compensation' included in the language of the clause itself.").

Plaintiff also argues that the harms it will suffer are irreparable based on the case of *Kay Co., LLC v. U.S.*, No. 2:10–cv–00410, 2011 WL 830085 (S.D.W. Va. March 3, 2011). Looking past the fact that *Kay Co., LLC* is not

binding on this Court, the facts in that case are distinguishable from the ones here. In *Kay Co., LLC*, the IRS originally treated one of the plaintiffs, a limited liability company, as an asset such that it "had no other remedy to collect the [underlying] alleged tax liability" against it, and the IRS used that theory "in negotiating the closing agreements" to settle the underlying tax debt. *Id.* at *4. The court found that the plaintiff "presented evidence that shows that any liability attributed to them was settled in the closing agreements." *Id.* at *5. The court took issue with the IRS then later taking the position that the plaintiff should be liable for the tax debt because it was "really a legal entity that could step into [the original tax debtor's] place as transferor." *Id.* at *4. The court reasoned that "[i]f the opportunity to pursue the [plaintiff] was there during the time the parties were negotiating the closing agreements, then the IRS should have said so when coming to the final settlements." *Id.* In the court's view, the underlying tax debt "was already satisfied, or at least fully and finally compromised, in the closing agreements," which should relieve the plaintiff of that obligation. *Id.* at *6.

That is not the situation with Hacker Industries. Plaintiff does not argue that the underlying tax debt was previously settled. Rather, Plaintiff argues that it should not be liable for the tax debt because it is not Blossom's alter ego.

The court in *Kay Co., LLC* found several additional facts presented an "extraordinary circumstance[]" that gave rise to irreparable harm even though irreparable harm is not ordinarily shown when the party seeking injunctive relief can be compensated by money damages. *Id.* at \*6. Specifically, the court found that if the plaintiff were sold, it "would lose income that would go toward fighting a refund suit, family business property would be lost, and it would be impossible to rebuild Plaintiffs' established business." *Id.* Hacker Industries does claim that its business will shut down without injunctive relief. However, for the reasons explained above, Plaintiff does not sufficiently allege or explain why its economic injuries cannot be compensated pursuant to 26 U.S.C. § 7426.

In addition to these factual distinctions, the court in *Kay Co., LLC*, appeared to recognize an exception to the irreparable harm requirement when the IRS's case is "baseless." *Id.* at \*3, 6. This is similar to the exception recognized in *Souther*, 701 F.2d at 132. Plaintiff similarly argues that it is entitled to injunctive relief because it argues that Defendant's case is baseless. To be clear, the Court finds that Plaintiff's failure to show irreparable harm is dispositive on the preliminary injunction issue for the reasons explained above. The Court need not address the other preliminary injunction factors. *Dominion Video Satellite, Inc.*, 356 F.3d at 1260. The Court notes, however, that targeting an alter ego is a legitimate way for the

IRS to pursue tax debts. *See, e.g., Lunnon v. United States*, No. 21-2140, 2022 WL 17729999, at *6 (10th Cir. 2022) (unpublished) (collecting cases); *United States v. Stinson*, 386 F. Supp. 2d 1207, 1217–18 (W.D. Okla. 2005) (collecting cases). Given the Court's findings about the close relationships and dealings between Blossom, Hacker Industries, and each entity's owners/members, the Court cannot say that the IRS's efforts here are baseless or that "under no circumstances could the government establish its claim to the asserted tax." *Souther*, 701 F.2d at 132.

## IV.    Conclusion

For the reasons explained above, the Court DENIES Plaintiff's Motion and Memorandum in Support of Hacker Industries LLC for a Temporary Restraining Order and a Preliminary Injunction Pursuant to 26 U.S.C.A. § 7426(B).

**IT IS SO ORDERED** this 12th day of September, 2024.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE