IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HACKER INDUSTRIES LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    **Defendant.** | **Case No. 24-CV-00356-SEH-MTS** |

## OPINION AND ORDER

Before the Court is the United States' Motion to Substitute Party and Brief in Support. [ECF No. 29]. For the reasons set forth below, the motion is granted.

Plaintiff names "Department of the Treasury Internal Revenue Service" as the only defendant in this action. [ECF No. 2 at 1]. Defendant now argues that the IRS cannot be sued as an entity, and that this action must be brought against the United States. [ECF No. 29 at 2–4]. Rather than seeking dismissal under Fed. R. Civ. P. 12(b)(1), Defendant asks to substitute the United States of America as the named defendant rather than the IRS. [*Id.* at 3]. Plaintiff responds in opposition by relying on various maxims, conclusory statements, several Federalist Papers, and other arguments. *See generally* [ECF No. 30]. However, in looking at Plaintiff's response as a whole,

Plaintiff's arguments boil down to two main points: (1) the citizens and States are what comprise the United States, not the IRS; and (2) the United States should not enjoy sovereign immunity.

The Court agrees with Defendant that the United States of America should be the named defendant in this action. Plaintiff brings this action under 26 U.S.C. § 7426. [ECF No. 2 at 1]. As highlighted in Defendant's motion, the statute Plaintiff brings this claim under specifically states that a party "may bring a civil action against the *United States*," not a specific agency or other governmental entity. *Id*. § 7426(a)(1) (emphasis added). Indeed, the IRS "is not an entity capable of being sued." *Abell v. Sothen*, 214 F. App'x 743, 750–51 (10th Cir. 2007); *Willoughby v. United States*, No. 20-CV-15-JFH-CDL, 2023 WL 1481445, at *1 n.1 (N.D. Okla. Feb. 2, 2023) (citing *Abell*, 214 F. App'x at 750–51)).

The Court also rejects Plaintiff's argument that the United States should not enjoy sovereign immunity. Plaintiff argues that this Court should ignore the Supreme Court's precedent in *United States v. Thompson*, 98 U.S. 486 (1878) because it is based on faulty historical premises. [ECF No. 30 at 6–10]. There are, no doubt, critics of the doctrine of sovereign immunity. *E.g.,* Charles Alan Wright & Arthur R. Miller, 33 Fed. Prac. & Proc. Judicial Review § 8351 n.1 (2d ed.) (Sept. 2025 Update) (collecting academic publications). But sovereign immunity is bedrock law. *United States v.*

*Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The Court cannot and will not stray from the Supreme Court's binding precedent. Plaintiff's argument is also somewhat bizarre because Defendant specifically acknowledges that 26 U.S.C. § 7426—the statute Plaintiff relies upon to bring this action—is an effective waiver of sovereign immunity. [ECF No. 29 at 1].

Because the Court cannot ignore binding Supreme Court precedent on the sovereign immunity issue, and because the United States is the proper party, Defendant's motion is GRANTED. The Court ORDERS the Court Clerk to substitute in the United States of America as the named defendant in this action. The Court further ORDERS that all future filings in this action reflect that the named Defendant is the United States of America.

DATED this 21st day of October, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE