IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HACKER INDUSTRIES LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant.** | Case No. 24-CV-00356-SEH-MTS |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Grant Leave for the Filing of their Proposed Amended Complaint to Conform to Law and Evidence, Pursuant to F.R.C.P. Rule 15(a)(2). [ECF No. 23]. For the reasons set forth below, Plaintiff's motion is denied.

### I. Discussion

Plaintiff brings this action against the United States pursuant to 26 U.S.C. § 7426. Plaintiff asks to amend its complaint to add two parties as plaintiffs, Steve Hacker and Amber Hacker, who "own" Hacker Industries LLC. [ECF No. 23 at 1–2]. Although initially unclear, Plaintiff clarified in its reply brief that it proposes to have the Hackers added as plaintiffs in its claim under § 7426, not under § 7433. [ECF No. 27 at 3]. Defendant argues, among other things, that Plaintiff's motion should be denied on the basis that

amendment would be futile for failure to exhaust administrative remedies before filing suit. [ECF No. 25 at 9–11]. The Court agrees with Defendant.

Plaintiff specifically relies upon Fed. R. Civ. P. 15(a)(2) for its requested relief. Because Plaintiff specifically relies upon Rule 15, the Court will address Plaintiff's motion under that framework.

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading, and it instructs courts to "freely give leave [to amend] when justice so requires." However, a court may deny leave to amend "upon a showing of … futility of amendment." *Sinclair Wy. Refining Co. v. A&B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021) (internal quotation marks and citation omitted).

26 U.S.C. § 7426(h)(2) provides: "[t]he rules of section 7433(d) shall apply for purposes of this subsection." In turn, 26 U.S.C. § 7433(d)(1) provides that a party may not recover damages "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Plaintiff's complaint contains one conclusory allegation on exhaustion: "The Plaintiff has exhausted all administrative methods, all means possible to communicate and correct this issue with a Defendant's employee Revenue Officers." [ECF No. 2 at 8]. The exhibit Plaintiff relies upon for this proposition is equally conclusory, [ECF No. 2-1 at 107–08], and the proposed amended complaint does not even address administrative exhaustion. [ECF No. 23-1 at 2].

Conclusory allegations need not be accepted by the Court. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Plaintiff's statements about the administrative exhaustion requirement under 26 U.S.C. §§ 7426(h)(2) and 7433(d) are conclusory and contain no supporting factual statements. Therefore, Plaintiff's claim, at least as stated in the proposed amended complaint, would be subject to dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Therefore, the Court finds that Plaintiff's proposed amendment is futile and its request for leave to amend should be denied for that reason. Because this is an independent reason to deny Plaintiff's request to amend the complaint, the Court does not address the other arguments raised by the parties.

## II. Conclusion

For the reasons stated above, Plaintiff's motion to file an amended complaint is DENIED.

DATED this 21st day of October, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE