IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HACKER INDUSTRIES LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendant.** | Case No. 24-CV-00356-SEH-MTS |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Reconsider Court's Opinion and Order Filed 9/12/24. [ECF No. 24]. For the reasons set forth below, Plaintiff's motion is denied.

## I. Background

Plaintiff asserts one claim against Defendant for wrongful levy under 26 U.S.C. § 7426. [ECF No. 2 at 1, 14]. The day after initiating this action, Plaintiff filed a motion for temporary restraining order and preliminary injunction. [ECF No. 8]. Due to the urgency that Plaintiff perceived in this matter, it requested an expedited hearing on its motion. [*Id*. at 19]. The Court promptly held an evidentiary hearing on Plaintiff's motion, [ECF No. 16], and issued a written opinion and order denying Plaintiff's motion. [ECF No. 17]. Nearly five months after the Court denied the motion for temporary

restraining order and preliminary injunction, Plaintiff filed the motion now before the Court to reconsider its ruling.

## II. <u>Discussion</u>

Plaintiff does not specifically identify the authority it relies upon in asking the Court to reconsider its order denying the motion for temporary restraining order or preliminary injunction. However, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12, (1983); citing Fed. R. Civ. P. 54(b)).

The order that Plaintiff asks the Court to consider did not result in a final decree or judgment. Therefore, the Court will apply the three-factor analysis outlined in *SFF-TIR, LLC v. Stephenson*, 264 F. Supp.3d 1148, 1219 (N.D. Okla. 2017) ("The best approach, in the Court's eyes, is to analyze motions to reconsider differently depending on three factors."). The three factors are:

- "First, the Court should restrict its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges." *Id*. at 1219.

- "Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence that the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling." *Id*. at 1220

2

- Third, the Court should consider the grounds for reconsideration under Fed. R. Civ. P. 59 as stated in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *SFF-TIR, LLC*, 264 F. Supp.3d at 1220. The three grounds identified by the Tenth Circuit in *Servants of the Paraclete* are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." 204 F.3d at 1012.

The Court joins several other judges in this district in applying the three-factor analysis described in *SFF-TIR, LLC*. *Zou v. Linde Engineering N. Am.*, No. 19-cv-554-JDR-JFJ, 2024 WL 3507313, at *1 (N.D. Okla July 18, 2024); *Huff v. BP Corp. N. Am., Inc.*, No. 22-CV-00044-GKF-JFJ, 2023 WL 2317291, at *2 (N.D. Okla. Mar. 1, 2023).

**A. The Court's Prior Order Was Sufficiently Thorough**

"How "thoroughly" a point was addressed depends both on the amount of time and energy the Court spent on it, and on the amount of time and energy the parties spent on it—in briefing and orally arguing the issue, but especially if they developed evidence on the issue." *SFF-TIR, LLC*, 264 F.Supp.3d at 1219. Additionally, the party seeking reconsideration "faces a steeper uphill challenge when the prior ruling was on [a motion for] preliminary injunction." *Id*.

The Court was sufficiently thorough in the time and energy it took to develop the record and fully consider the issues in its written order that Plaintiff now asks the Court to reconsider. The Court held a multi-hour

3

evidentiary hearing during which the Court took testimony from multiple witnesses and heard arguments from both parties. [ECF No. 16]. In the written order that followed the evidentiary hearing, the Court made specific findings of fact and fully analyzed those facts under the applicable law. [ECF No. 17]. In addition, the Court specifically addressed the cases that the parties relied upon in their briefing and that Plaintiff now asks the Court to reweigh. *E.g.*, [*Id.* at 11–14]. This factor weighs against Plaintiff.

## B. Plaintiff Unreasonably Delayed in Seeking Reconsideration

In its initial motion, Plaintiff specifically requested an "expedited" hearing and cited ongoing harms to its business as a basis for relief. [ECF No. 8 at 8–9, 19]. The Court promptly held an evidentiary hearing, during which Plaintiff's counsel represented that Plaintiff would "be put out of business if this continues for another week and they don't get their money refunded." [ECF No. 24-1 at 19]. The Court entered its written order denying Plaintiff's motion on September 12, 2024. [ECF No. 17]. It appears that Plaintiff waited until October 25, 2024, forty-three days after the Court entered its order, to notify its customers of the Court's order and that it would be closing operations in November 2024. [ECF No. 24-2 at 7–8]. Plaintiff also waited until February 7, 2025, nearly five months after the Court entered its order, to seek reconsideration. [ECF No. 24].

4

Plaintiff's delay in seeking reconsideration of the Court's order directly contradicts its claims of urgency when it initially sought a preliminary injunction. The Court sees no reason why Plaintiff's motion to reconsider could not have been filed between the time the Court's order was entered in September and when Plaintiff ceased operations. Rather than an earnest attempt to correct an error, Plaintiff's motion appears to be nothing more than an attempted second bite at the apple. This factor weighs against Plaintiff.

**C. The Rule 59 Factors Do Not Support Reconsideration**

As a backdrop to the three above-listed factors that courts consider under Fed. R. Civ. P. 59, courts also recognize that motions to reconsider are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. The Court has reviewed the record and the applicable authority. Based upon that review, there has not been a change in the controlling law, no new evidence is available that would change the Court's ruling, and there is no need to correct any clear error or prevent manifest injustice. *Id.* at 1222.

The crux of Plaintiff's argument is its perception that the Court made erroneous factual findings and incorrectly interpreted and applied the law. However, after careful review, the Court views Plaintiff's arguments as a "rehash[ing of] the same arguments that [it] made or could have made" as a

5

part of the initial motion. *SFF-TIR, LLC*, 264 F.Supp.3d at 1197. A couple points are worth specifically addressing, though.

Plaintiff asserts that the Court erroneously found that Blossom (the entity that the United States asserts Plaintiff is an alter ego of) paid for Steven and Amber Hacker's (Plaintiff's owners) wedding and one of Steven's vehicles. [ECF No. 24 at 5]. Plaintiff asserts that Blossom paid for Steven's first wedding to a different woman and the vehicle was a gift from his parents in 2004. [*Id*.]. But the United States Tax Court found that Blossom paid for one of Steven's vehicles and that Steven's father "claimed that Steven's wedding was 'a big celebration of Blossom' and that the various trips of petitioners and their children … were for business or so that they would not be distracted while performing administrative tasks." *Hacker v. Commissioner of Internal Revenue*, No. 3870-12, 2022 WL 667171, at *4, *7 (T.C. Mar. 7, 2022). Steven also testified about these issues during the evidentiary hearing:

```
3   Q.  Okay.  Let's talk about some things -- you had a BMW; is
4       that correct?
5   A.  Yes, sir.
6   Q.  And the company paid for your BMW; correct?
7   A.  I thought my parents did.  I did not know who wrote the
8       check for it.
```

6

```
 9   Q.  You are driving a BMW, and you don't know who writes the
10   checks for it?  Those are expensive cars; aren't they, sir?
11   A.  You know, it's an entry-level SUV.
12   Q.  And just somebody was paying it, and you weren't curious?
13   You didn't want to know?
14   A.  I -- my parents asked if I needed a car.  They offered to
15   help me buy a car.
16   Q.  Okay.  And also another big event in your life was getting
17   married; right?
18   A.  Mm-hmm.
19   Q.  And your parents' company paid for your wedding, too;
20   correct?
21   A.  That was I was aware of.  They said it -- since it was
22   primarily childcare employees involved -- there were two
23   childcare employees getting married, they felt it qualified as
24   a company expense.
```

[ECF No. 24-1 at 66].

But even if the Court made incorrect factual findings about the vehicle and wedding, the Court's decision still holds up. The Court addressed additional facts, some of which Plaintiff does not even address, that support the Court's ruling. *See generally* [ECF No. 17 at 4–5, 14]. Those additional facts that show the government's efforts were not "baseless or that 'under no circumstances could the government establish its claim to the asserted tax.'" [*Id.* at 14] (citing *Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir. 1983)). This factor weighs against Plaintiff.

7

## III. Conclusion

For the reasons explained above, Plaintiff's motion to reconsider, [ECF No. 24], is DENIED.

DATED this 21st day of October, 2025.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE